Ismail J. Ramsey
United States Attorney
Nikhil Bhagat
Assistant United States Attorney
nikhil.bhagat@usdoj.gov
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: 415.436.7193

Attorneys for the United States of America

Sunita Bali, CA Bar No. 274108
SBali@perkinscoie.com
Hayley L. Berlin, WA Bar No. 43566
Pro Hac Vice Forthcoming
HBerlin@perkinscoie.com
Mikella M. Hurley, DC Bar No. 1049013
Pro Hac Vice Forthcoming
MHurley@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000

Attorneys for Google LLC

**FILED**

Feb 07 2025

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re Google

3:25-mj-70146 LJC

Case No. ▮▮▮▮▮▮▮▮

**STIPULATION AND [PROPOSED]
ORDER TO PARTIALLY UNSEAL
RECORDS IN SEALED CASE**

Judge:     Lisa J. Cisneros

STIPULATION AND [PROPOSED] ORDER TO PARTIALLY UNSEAL RECORDS

1   The United States of America and Google LLC ("Google") (collectively, the "Parties"),

2   by and through their respective counsel, hereby stipulate to partially unseal records in a sealed

3   case by publishing redacted versions of certain documents filed in a sealed case to the public

4   docket in this case under a new docket number: (1) Google's Notice of Motion and Motion to

5   Quash a search warrant ("Motion to Quash"), dated February 7, 2024 (attached as Exhibit A), (2)

6   the United States' Response to the Motion to Quash ("Response"), dated February 15, 2024

7   (attached as Exhibit B), and (3) the Court's Order Denying the Motion to Quash as Moot

8   ("Order"), dated February 22, 2024 (attached as Exhibit C) (collectively, the "Redacted

9   Documents").[1]

10   There is a "strong presumption in favor of access to court records." *Foltz v. State Farm

11   *Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also* Crim. L.R. 56-1(a) ("The

12   public has a right of access to the Court's files."). Sealing orders must be "narrowly tailored."

13   Crim. L.R. 56-1(c)(2)(B). When sealing is appropriate for only a subset of the information in a

14   document, sealing may be accomplished by redactions. *Id.* § 56-1(c)(2)(C). The United States is

15   satisfied that the redactions reflected in the Redacted Documents protect the secrecy of

16   information that could alert targets of the government's ongoing investigation. Accordingly, the

17   parties agree that neither good cause nor compelling reasons exist to justify the continued sealing

18   of the Redacted Documents. *See Foltz*, 331 F.3d at 1135–36 (detailing the "compelling reasons"

19   and "good cause" standards necessary to overcome the presumptive right of access to judicial

20   documents). An order unsealing the Redacted Documents and publishing them to the public

21   docket in this case would, therefore, be narrowly tailored to protect the government's interests. [2]

22

23   [1] To comply with the Court's sealing order in the sealed case, the parties have provisionally
     submitted the attached exhibits under seal until such time as the Court approves the instant
24   stipulation and enters the proposed order.

25   [2] However, for the reasons set forth in the Government's Unopposed Ex Parte Motion to Seal
     Docket, filed on September 24, 2024, the government still has a compelling interest in the entire
26   docket in the case in which the Redacted Documents were originally filed remaining sealed, and
     it is unclear to the parties whether the Clerk has the technical ability to unseal certain documents
27   without unsealing the entire docket.  Accordingly, in an abundance of caution, by this stipulation,
     the parties request that the Court direct the Clerk to file the Redacted Documents publicly in a
28   new case.

1    *See* Crim. L.R. 56-1(a), (c).

2    Finally, the parties agree that the nondisclosure order, which the Court issued to Google in

3    the sealed case on January 23, 2024, does not prohibit Google from speaking about the contents

4    of the Redacted Documents.

5    **NOW, THEREFORE, THE PARTIES HEREBY STIPULATE** and respectfully

6    request that the Court partially unseal certain records by publishing the Redacted Documents,

7    attached hereto as Exhibits A, B, and C, to the public docket in this case under a new docket

8    number.

9

10

11    **IT IS SO STIPULATED.**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [~~PROPOSED~~] ORDER TO PARTIALLY UNSEAL RECORDS

DATED: December 23, 2024

By: s/ Nikhil Bhagat

ISMAIL J. RAMSEY
United States Attorney
Nikhil Bhagat
Assistant United States Attorney
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: 415.436.7193
nikhil.bhagat@usdoj.gov

*Attorneys for the United States of America*

Respectfully Submitted

By: s/ Sunita Bali

Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050

Hayley L. Berlin, *pro hac vice forthcoming*
HBerlin@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Mikella M. Hurley, *pro hac vice forthcoming*
MHurley@perkinscoie.com
**PERKINS COIE LLP**
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile: 202.654.6211

*Attorneys for Google LLC*

STIPULATION AND [PROPOSED] ORDER TO PARTIALLY UNSEAL RECORDS

1                                   **[~~PROPOSED~~] ORDER**

2         WHEREAS, the Parties agree that neither good cause nor compelling reasons exist to

3 justify the continued sealing of the Redacted Documents;

4         WHEREAS, the Court finds that the nondisclosure order issued to Google in the sealed

5 case on January 23, 2024, does not prohibit Google from speaking about the contents of the

6 Redacted Documents;

7         IT IS HEREBY ORDERED that the Clerk shall open a new publicly docketed case

8 captioned "In re Google" and publicly file the Stipulation to Partially Unseal Records in a Sealed

9 Case, Exhibits A, B, and C thereto (the Redacted Documents), and the present Order in the case.

10 These documents shall be unsealed. Google is not prohibited from speaking about the contents of

11 the Redacted Documents; and

12         IT IS FURTHER ORDERED that the entire docket in the case number from which the

13 Redacted Documents are derived shall remain sealed until further order of the Court.

14

15

16         PURSUANT TO STIPULATION, IT IS SO ORDERED.

17

18 Dated: February 5, 2024

19                                    HON. LISA J. CISNEROS

20                                    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

STIPULATION AND [~~PROPOSED~~] ORDER TO PARTIALLY UNSEAL RECORDS

# **Exhibit A**

1   Sunita Bali, Bar No. 274108
    SBali@perkinscoie.com
2   PERKINS COIE LLP
    505 Howard Street, Suite 1000
3   San Francisco, California 94105
    Telephone: +1.415.344.7000
4   Facsimile: +1.415.344.7050

5   Hayley L. Berlin, Bar No. 43566
    HBerlin@perkinscoie.com
6   PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
7   Seattle, Washington 98101-3099
    Telephone: +1.206.359.8000
8   Facsimile: +1.206.359.9000

9   Mikella M. Hurley, Bar No. 1049013
    MHurley@perkinscoie.com
10  PERKINS COIE LLP
    700 Thirteenth Street, N.W., Suite 800
11  Washington, D.C. 20005-3960
    Telephone: +1.202.654.6200
12  Facsimile: +1.202.654.6211

13

    Attorneys for GOOGLE LLC
14
                    UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16
                       SAN FRANCISCO DIVISION
17

18
    In The Matter of the Search of          **FILED UNDER SEAL**
19  INFORMATION STORED AT PREMISES
    CONTROLLED BY GOOGLE FOR               Case No. ███████████
20  INVESTIGATION OF ███████████
    ███                                    NOTICE OF MOTION AND MOTION TO
21                                          QUASH

22                                          Hearing date:
                                            Judge:   Lisa J. Cisneros
23

24

25

26

27

28

ORIGINAL FILED

FEB 07 2024

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## NOTICE OF MOTION AND MOTION TO QUASH

**PLEASE TAKE NOTICE** that on a date and time to be set, before the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Google LLC ("Google") will, and hereby does, move to quash a search warrant issued by this Court on ████████, which orders Google to search its systems for and provide to the government certain of its users' private location data and identifying information.

This Motion is based on the Memorandum of Points and Authorities in support thereof, the Declaration of Mikella M. Hurley and corresponding exhibits, all pleadings and papers on file in this action, and such other matters as the Court may consider.

# TABLE OF CONTENTS

                                                                  **Page**

INTRODUCTION ............................................................................................. 1

BACKGROUND ............................................................................................... 2

    I.     Geofence Warrants and Google's Location History Service .............................. 2

           A.     Google's Warrants .......................................................................... 2

           B.     Google's Location History Service .................................................. 2

    II.    The Subject Warrant .................................................................................... 3

           A.     Property to Be Searched .................................................................. 3

           B.     Information to Be Disclosed by Google and Items to Be Seized ............. 8

           C.     Google's Response to the Warrant .................................................... 9

ARGUMENT ..................................................................................................... 9

    I.     The Warrant is Overbroad ............................................................................ 9

    II.    The Warrant Grants Law Enforcement Unbridled Discretion to Demand
          Identifying Information for Thousands of Users ............................................ 14

CONCLUSION ................................................................................................... 15

NOTICE OF MOTION AND MOTION TO QUASH

1

## **TABLE OF AUTHORITIES**

2

Page(s)

3

CASES

4

*Carpenter v. United States,*
5
    138 S. Ct. 2206 (2018)......................................................................................9

6

*Coolidge v. New Hampshire,*
    403 U.S. 443 (1971)....................................................................................9, 14

7

*Horton v. California,*
8
    496 U.S. 128 (1990).........................................................................................9

9

*In re Matter of the Search of Info. that is Stored at the Premises Controlled by Google LLC*
10
    ("*D. Kansas Geofence Warrant*"),
    542 F. Supp. 3d 1153 (D. Kan. 2021) ...........................................................11

11

███████████████████████████████████████████████████████
12
███████████████████████████████...........................13

13

*Kyllo v. United States,*
14
    533 U.S. 27 (2001).........................................................................................10

15

*Marron v. United States,*
16
    275 U.S. 192 (1927).......................................................................................14

17

*Maryland v. Garrison,*
    480 U.S. 79 (1987).....................................................................................9, 10

18

*Matter of Search of Info. Stored at Premises Controlled By Google ("Bank Fraud"),*
19
    No. 2:22-MJ-01325, 2023 WL 2236493 (S.D. Tex. Feb. 14, 2023)..............12

20

*Matter of Search of Info. Stored at Premises Controlled by Google("Pharma I"),*
21
    No. 20 M 297, 2020 WL 5491763 (N.D. Ill. July 8, 2020).............................11

22

*Matter of Search of Info. Stored at Premises Controlled by Google (Pharma II),*
    481 F. Supp. 3d 730 (N.D. Ill. 2020)........................................................11, 14

23

*Matter of Search of Info. that is Stored at Premises Controlled by Google LLC*
24
    ("*DDC Geofence Warrant*"),
25
    579 F. Supp. 3d 62 (D.D.C. 2021)................................................................12

*People v. Dawes,*
26
    No. 19002022 (Cal. Sup. Ct. Sept. 30, 2022)...............................................11

27

28

███████████

NOTICE OF MOTION AND MOTION TO QUASH

*People v. Meza,*
   312 Cal. Rptr. 3d 1 (Ct. App. 2023), *reh'g denied* (Apr. 25, 2023), *review denied* (Aug. 16, 2023)..................................................................................................................................11

*Price v. Superior Ct. of Riverside Cnty.,*
   93 Cal. App. 5th 13 (2023), *review denied* (Sept. 13, 2023).................................................12

*Riley v. California,*
   573 U.S. 373 (2014)...................................................................................................................10

*Stanford v. Texas,*
   379 U.S. 476 (1965)...................................................................................................................10

*United States v. Chatrie,*
   590 F. Supp. 3d 901 (E.D. Va. 2022)..............................................................................1, 11, 14

*United States v. Otero,*
   563 F.3d 1127 (10th Cir. 2009).................................................................................................14

*United States v. Rhine,*
   652 F. Supp. 3d 38 (D.D.C. 2023).......................................................................................12, 14

*Wells v. State,*
   675 S.W.3d 814 (Tex. Ct. App. 2023), *petition for discretionary review granted* (Jan. 24, 2024)...........................................................................................................................................10

**STATUTES**

████████████..........................................................................................................................9

████████████..........................................................................................................................9

18 U.S.C. § 2703(d).........................................................................................................................1

**OTHER AUTHORITIES**

Google, *Google Maps Timeline*, https://support.google.com/maps/answer/6258979 (last visited Feb. 7, 2024)...............................................................................................................................3

Google, *Manage Your Location History*, https://support.google.com/accounts/answer/3118687 (last visited Feb. 7, 2024)............................................................................................................3

█████████████████████████████████████████
██████████████████████████████..........................4

████████████████████████████████████████
█████████████..........................................................................................................14

NOTICE OF MOTION AND MOTION TO QUASH

██████████████████████████████████████████

█████████████████████████████.....................................4

Sundar Pichai, *Keeping your private information private*, GOOGLE BLOG (June 24, 2020),
https://www.blog.google/technology/safety-security/keeping-private-information-private/
(last visited Feb. 7, 2024)....................................................................................................3

U.S. Const. Amend. IV ............................................................................... 1, 9, 10, 14

U.S. Const. Amend. XIV ...........................................................................................1

NOTICE OF MOTION AND MOTION TO QUASH

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Google LLC ("Google") moves to quash the subject geofence warrant ("Warrant") because it authorizes the government to collect and sift through the private location data and identifying information belonging to *2,654 Google Account holders* to determine whether any of them may be a suspect to the crime. The search spans a combined area of more than 1,600 acres—or approximately 2.5 square miles—for a total period of nearly two-and-a-half days. The search areas comprise, among other things, thousands of homes, numerous places of worship, multiple schools, many businesses, and highways and other busy roadways. The thousands of people who would be swept into the government's search may have been enjoying the privacy of their homes, taking part in protected religious activity in a place of worship, commuting, or engaging in countless other private activities. The vast majority—if not all—of them did not participate in the crime and are unlikely to be witnesses.

The Warrant violates the Fourth Amendment and should be quashed for at least two independent and sufficient reasons.[1] First, the Warrant is overbroad because it authorizes law enforcement to search the private Location History contents of *thousands* of Google Account holders, the vast majority of whom likely have no relationship to the crime. This is inconsistent with a growing body of federal and state case law holding that geofence searches must be carefully tailored in both area and time to avoid infringing upon the privacy interests of innocent individuals. For example, the number of users impacted by the search *exceeds by more than 100-fold* a geofence warrant invalidated as overbroad by another federal court. *See United States v. Chatrie*, 590 F. Supp. 3d 901, 929, 918-21 (E.D. Va. 2022) (invalidating as overbroad geofence warrant that directed a search over a single 17.5-acre area that included the crime scene, a church parking lot, and wooded areas, and swept in just 19 users). Second, the Warrant lacks particularity because it grants the government unbridled discretion to demand identifying information for any or all of the

---

[1] Google moves pursuant to the Stored Communications Act, 18 U.S.C. § 2703(d), and the Fourth and Fourteenth Amendments to the United States Constitution.

2,654 Google Account holders responsive to the search, without judicial oversight and based on the government's unilateral determination that those devices may be relevant to its investigation.

## BACKGROUND

### I.  Geofence Warrants and Google's Location History Service

#### A.  Google's Warrants

Search warrants issued to Google typically compel it to disclose stored data pertaining to a particular user's account, including Location History data if available and requested. Geofence warrants take a different approach. Rather than direct Google to disclose the records pertaining to a particular customer, they direct Google to search all Location History data for any Google Account holders whose stored Location History suggests their devices were in a given area during a given timeframe. The government is then permitted to sort through those users' private Location History contents and associated personal account information in an attempt to identify a person of interest.

#### B.  Google's Location History Service

Location History is the only data Google searches when responding to a geofence warrant. *See* Ex. 1 to Declaration of M. Hurley ("Hurley Decl."), Declaration of Marlo McGriff Regarding Location History ("McGriff Decl.") ¶ 15. Location History is an optional, opt-in service that is only available to Google Account holders. *Id.* ¶ 4. As of 2021, only approximately one-third of Google Account holders worldwide had opted into Location History. *Id.* ¶ 12. For Location History to function—and for the service to store a user's location information—the user must take several steps, including ensuring that the device-level location setting on their mobile device is turned on and enabling Location History in their Google Account. *Id.* ¶ 7. Users with iOS devices must also configure their device to share location information with applications capable of using that information. *Id.* The user must then carry their signed-in, powered-on device with them to a particular location. *Id.* ¶ 8. To be clear, a Google Account holder can enable their device's location services without enabling and saving their Location History. Similarly, a Google Account holder can share their location with and navigate via Google Maps without enabling and saving their Location History.

Google Account holders retain control over their Location History data. They can turn off Location History at any time at the account or device level.[2] They can also modify or delete some or all of their Location History.[3] Users can also enable auto-deletion settings so their Location History is automatically deleted from their accounts on a rolling basis after 3, 18, or 36 months. McGriff Decl. ¶ 10.[4] For users who opted into Location History after the summer of 2020, Location History is automatically deleted after 18 months by default.[5]

## II. The Subject Warrant

### A. Property to Be Searched

The Warrant directs Google to disclose to the government the Location History contents for Google Account holders whose Location History indicates that their devices may have been within 13 search areas during specified time periods (referred to as "Search Parameters" in the Warrant). *See* Ex. 2 to Hurley Decl., Search Warrant ███████████ ("Search Warrant"). Each search area comprises a "polygon defined by [the listed] latitude/longitude coordinates connected by straight lines." *See id*. at 4–29.[6] The Warrant includes a visual depiction of each

---

[2] Google, *Manage Your Location History*, https://support.google.com/accounts/answer/3118687 (last visited Feb. 7, 2024) ("You can turn off Location History for your account at any time.").

[3] Google, *Google Maps Timeline*, https://support.google.com/maps/answer/6258979 (last visited Feb. 7, 2024) ("If a place is wrong on Timeline, you can edit the location and when you were there.").

[4] *Supra* note 2 (providing instructions for users to enable automatic deletion of LH that is older than 3 months, 18 months, or 36 months).

[5] Sundar Pichai, *Keeping your private information private*, GOOGLE BLOG (June 24, 2020), https://www.blog.google/technology/safety-security/keeping-private-information-private/ (last visited Feb. 7, 2024) ("Starting today, the first time you turn on Location History—which is off by default—your auto-delete option will be set to 18 months by default.").

[6] The sets of latitude/longitude coordinates for each of the Warrant's Search Parameters appear to be reversed. The coordinates, as listed in the Warrant, do not resolve to any location on the globe because the latitude values exceed 90 degrees. For example, the first set of coordinates listed for Search Parameter 1 is ███████████, *See* Search Warrant, at 4. When the coordinates are reversed, however, the search areas correspond to those depicted in the Warrant's screenshots. For example, when the coordinates ██████████████ are reversed to ████████████████████████, the resolve to a location in San Francisco. Google has adjusted for these apparent errors to run the search and to describe the contents of the Search Parameters.

1  search area, which shows the outline of the polygonal geofence superimposed over a satellite

2  image of the impacted neighborhood. *See* Search Warrant at 4-29.

3       Search Parameters 1 through 3 direct a search over 321 acres[7] of San Francisco ██████

4  ██████████████████████ *See* Search Warrant at 4–9; Figure 1, *infra*. The search area includes

5  what appears to be more than 1,000 private homes and numerous other sensitive locations,

6  including multiple houses of worship, schools, ███████████████████████████████

7  ████████, numerous parks and recreation areas, and a number of roadways. *See* Search Warrant at

8  4–9. The search periods run for 27 minutes on ██████████████████, from ████████████████

9  PDT (Search Parameter 1), three minutes on ██████████████████, from ████████████████

10 PDT (Search Parameter 2); and 27 minutes on ██████████████████, from ████████████████

11 PDT (Search Parameter 3). *Id.* at 4, 6, 8. ███████████████████████████████████████

12 ██████████████████████████████████████████████████████████████████████

13 ██████████████████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████

15

16

17

18

19

20

21

22  ─────────────────
    [7] For simplicity, Google has rounded down the acreage values listed in this Motion. For example,

23  the search area defined by Search Parameters 1 through 3 is approximately 321.68 acres.

24  [8] *See* ██████████████████████████████████████████████████████████████

25  ██████████████████████████████████████████████████████████████████████

26  ██████████████████████████████████████████████████████████████████████

27  ██████████████████████████████████████████████████████████████████████

28  ██████████████████████████████████████████████

-4-

1
2
3
4
5
6
7
8
9
10



*Fig 1: Screenshot of the search area defined by Search Parameters 1, 2, and 3.*

11

12    Search Parameters 4 and 5 direct a search over a 277-acre area in San Francisco ██

13    ████████████████████████████████████████████████████████████████████

14    ███████████████████████████████████████████████████████. *See* Search

15    Warrant at 10-13; Figure 2, *infra*. The search periods run for 10 minutes on ██████████,

16    from ███████████████ PDT (Search Parameter 4) and 11 minutes on █████████████,

17    from ███████████████ PDT (Search Parameter 5). Search Warrant at 10, 12.

18
19
20
21
22
23
24
25
26
27

*Fig 2: Screenshot of the search area defined by Search Parameters 4 and 5.*

28

NOTICE OF MOTION AND MOTION TO QUASH

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Search Parameters 6 and 7 direct a search over 11 acres of a residential neighborhood ▮ ▮▮▮▮▮▮ *See* Search Warrant at 14–17; Figure 3, *infra*. The search area includes more than 70 homes and several roadways. *See id.* The search periods run for 14 hours from ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ PDT (Search Parameter 6) and 27 minutes on ▮▮▮▮▮▮▮▮▮▮, from ▮▮▮▮▮▮▮ PDT (Search Parameter 7). Search Warrant at 14, 16.



*Fig 3: Screenshot of the search area defined by Search Parameters 6 and 7.*

Search Parameters 8 and 9 direct a search over 10 acres of a residential and commercial area ▮▮▮▮▮▮▮. *See* Search Warrant at 18–21; Figure 4, *infra*. The search area includes more than 30 homes and part of a property occupied by a church and affiliated school. *See id.* The search periods run for 14 hours from ▮▮▮▮▮▮▮▮▮▮▮, at ▮▮▮▮ to ▮▮▮▮ ▮▮▮▮▮▮. PDT (Search Parameter 8) and 27 minutes on ▮▮▮▮▮▮▮ ▮▮▮▮▮ PDT (Search Parameter 9). Search Warrant at 18, 20.

NOTICE OF MOTION AND MOTION TO QUASH

*Fig 4: Screenshot of the search area defined by Search Parameters 8 and 9.*

Search Parameters 10 and 11 direct a search over 11 acres ▮▮▮▮, and include all or portions of roughly eight homes and their curtilage and a number of roadways. *See* Search Warrant at 22–25; Figure 5, *infra*. The search periods run for 14 hours from ▮▮▮▮ PDT (Search Parameter 10) and 27 minutes on ▮▮▮▮. PDT (Search Parameter 11). Search Warrant at 22, 24.



*Fig 5: Screenshot of the search area defined by Search Parameters 10 and 11.*

NOTICE OF MOTION AND MOTION TO QUASH

Search Parameters 12 and 13 direct a search over an 11-acre area ████████████ that includes more than 40 homes and a number of roadways. *See* Search Warrant at 26–29; Figure 6, *infra*. The search periods run for 14 hours from ███████████████████████ PDT (Search Parameter 12) and 27 minutes on ████████ PDT (Search Parameter 13). Search Warrant at 26, 28.



*Fig 6: Screenshot of the search area defined by Search Parameters 12 and 13.*

B.  *Information to Be Disclosed by Google and Items to Be Seized*

For each user whose stored Location History matches the search criteria, the Warrant orders Google to produce to the government the user's responsive Location History contents, accompanied by a unique device identifier. *See* Search Warrant at 30. The Warrant then directs the government to review that data and "identify to Google the devices about which it seeks to obtain Google account identifier and basic subscriber information." *Id*. The Warrant provides no guidance for how the government may determine which accounts to unmask. Instead, it authorizes the government to unmask *any and all* responsive Google Account holders, *see id.* ("The government shall review the Device List and identify to Google the devices about which it seeks to obtain Google account identifier and basic subscriber information."), but notes that the government "may, at its discretion, identify a subset of the devices", *id*. The Warrant then orders Google to disclose

-8-

account-identifying subscriber information for all those devices "about which the government inquires." *Id.*

Finally, the Warrant authorizes the government to seize all information disclosed by Google, as defined above, that "constitutes evidence of violations of ████████████████ ████████████████████████████████████████ *Id.* The Warrant does not limit the government's ability to retain, access, or share (e.g., with other governmental agencies) the Location History contents and identifying information that it collects pursuant to the Warrant but later determines to not constitute evidence of the listed crimes.

### C.  Google's Response to the Warrant

Google has run the searches defined by the Warrant. The 13 Search Parameters sweep in a combined total of 2,654 Google Account holders. Google has preserved the data responsive to the Warrant, including "Step-1" data (Location History that falls within the Search Parameters) and "Step-3" identifying information (basic subscriber information for Account holders whose Location History is responsive at Step 1), but has not produced this data to the government, consistent with its Motion to Quash.

## ARGUMENT

### I.  The Warrant is Overbroad

The "basic purpose" of the Fourth Amendment is "to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." *Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) (internal quotation marks and citation omitted). The Fourth Amendment requires all searches to be limited "to the specific areas and things for which there is probable cause to search," thus ensuring that a search "will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987); *see also Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971), *holding modified by Horton v. California*, 496 U.S. 128 (1990) ("[T]hose searches deemed necessary should be as limited as possible."). These limitations prevent the government from conducting "a general, exploratory rummaging in a person's belongings." *Coolidge*, 403 U.S. at 467. Consequently, a

-9-

warrant is "constitutionally intolerable" if it extends to places or things for which there is no probable cause to search. *Stanford v. Texas*, 379 U.S. 476, 486 (1965).

The Warrant falls short of these Constitutional mandates. It authorizes the government to engage in a "wide-ranging exploratory search[]" through the private and sensitive Location History contents belonging to more than 2,600 Google Account holders to determine if any one of them may be a suspect to the crime. *Garrison*, 480 U.S. at 84. It is possible, however, that *none* of the 2,654 responsive Account holders is the suspect or suspects the government hopes to identify.[9] The search intrudes upon those people's most intimate and protected private places—their homes and their devices. *See Kyllo v. United States*, 533 U.S. 27, 31 (2001); *Riley v. California*, 573 U.S. 373, 395 (2014). They may have been enjoying the privacy of their homes, spending time with loved ones, taking part in protected religious activity in a place of worship, commuting, or engaging in countless other private pursuits. The vast majority—if not all—of them did not participate in the crime and are unlikely to be witnesses.

Published federal and state case law addressing the validity of geofence warrants "can generally be divided into two categories"—warrants held to be unconstitutional because they were "not sufficiently limited as to time and place so as to restrict the executing officer's discretion and minimize the danger of searching uninvolved persons," and warrants satisfying the Fourth Amendment because they "established probable cause to search every person found within the geofence area." *Wells v. State*, 675 S.W.3d 814, 826-27 (Tex. Ct. App. 2023), *petition for*

---

[9] There are numerous reasons an individual would not be responsive to a geofence warrant. For example, the suspects may not be Google Account holders, or they may be among the approximately two-thirds of Google users worldwide who have not opted into the Location History service, or they may not have taken all steps required for Location History to function on their device, or they may not have carried their powered-on, signed-in devices into the search areas during the search periods. *See* Section I.B, *supra* (describing the Location History service). Even if the suspects took all necessary steps for Location History to function and store their location information while they were located within the Warrant's Search Parameters, the suspects may have since manually deleted their Location History (whether for innocent reasons or to avoid detection) or their Location History may have been automatically deleted consistent with their account's auto-deletion settings, if enabled. *See id.* (describing a user's ability to manually delete their Location History data and to take advantage of auto-deletion settings, which are available to all Location History users and are enabled by default for all users who opted in to Location History after the summer of 2020).

NOTICE OF MOTION AND MOTION TO QUASH

*discretionary review granted* (Jan. 24, 2024). The present Warrant falls squarely into the former category.

Courts have consistently invalidated geofence warrants or denied geofence warrant applications as overbroad when the search parameters were not sufficiently focused on the location and time of the crime, thereby creating a high likelihood that the search would infringe upon the privacy rights of innocent persons. *See, e.g.*, *Chatrie*, 590 F. Supp. 3d at 929 (geofence warrant overbroad where the 150-meter-radius search area extended beyond the crime scene and the warrant was "completely devoid of any suggestion that all—or even a substantial number of—the individuals searched had participated in or witnessed the crime."); *In re Matter of the Search of Info. that is Stored at the Premises Controlled by Google LLC* ("*D. Kansas Geofence Warrant*"), 542 F. Supp. 3d 1153, 1158 (D. Kan. 2021) (denying geofence warrant application for lack of probable cause and concerns over particularity and overbreadth, including that "the geofence boundary appears to potentially include the data for cell phone users having nothing to do with the alleged criminal activity"); *Matter of Search of Info. Stored at Premises Controlled by Google (Pharma II)*, 481 F. Supp. 3d 730 (N.D. Ill. 2020) (denying geofence application for lack of probable cause and particularity and holding (i) probable cause must be established for every individual within the geofence and (ii) particularity is lacking where the government is permitted "to sort through" results "to identify the suspect by process of elimination" and where the warrant imposes "no limit on the government's discretion to select the device[s]" it may unmask); *Matter of Search of Info. Stored at Premises Controlled by Google, as further described in Attachment A* ("*Pharma I*"), No. 20 M 297, 2020 WL 5491763, at *1 (N.D. Ill. July 8, 2020) (denying geofence warrant application for overbreadth and lack of particularity where the government sought data related to geofences in densely populated areas for 45-minute intervals); *People v. Meza*, 312 Cal. Rptr. 3d 1, 17 (Ct. App. 2023), *reh'g denied* (Apr. 25, 2023), *review denied* (Aug. 16, 2023) (geofence warrant was overbroad because it "authorized the identification of any individual within six large search areas without any particularized probable cause as to each person or their location"); *People v. Dawes*, No. 19002022, at 44 (Cal. Sup. Ct. Sept. 30, 2022), attached as Ex. 4 to Hurley Decl. (geofence warrant authorizing a search of a single area covering 6 homes was

-11-

unconstitutionally overbroad "because the geofence intruded upon a residential neighborhood and included . . . innocent people's homes who were not suspected to have any involvement in the burglary, either as a suspect, victim, or witness").

By contrast, courts have found geofence warrants to be valid when the searches were narrowly tailored in area and time to focus on the criminal activity and to avoid sweeping in innocent people unrelated to the investigation. *See, e.g.*, *Matter of Search of Info. Stored at Premises Controlled By Google ("Bank Fraud")*, No. 2:22-MJ-01325, 2023 WL 2236493 (S.D. Tex. Feb. 14, 2023) (granting geofence warrant application where the single search area was tailored to the crime scene and carefully excluded "public streets, sidewalks, or other commercial or residential buildings" in an effort to "ensure that the [responsive] Location History information, with a fair probability, [would] capture evidence of the crimes only"); *Matter of Search of Info. that is Stored at Premises Controlled by Google LLC* ("*DDC Geofence Warrant*"), 579 F. Supp. 3d 62, 82 (D.D.C. 2021) (granting geofence warrant application where the search areas were strictly limited to the precise areas the suspects were known to have been, where CCTV footage indicated that the suspects were either alone in the geofences during the search periods or, at most, two to three other individuals were in the geofence with the suspects, and where the search periods were tailored to those times the suspects were known to have been within the search area); *United States v. Rhine*, 652 F. Supp. 3d 38, 85 (D.D.C. 2023) (upholding validity of geofence warrant issued in relation to the January 6 investigation where the search area, while large, was carefully tailored to the boundaries of the crime scene—the Capitol building—and where an individual's mere presence within the search area during the specified time "itself constitutes evidence of a crime"); *Price v. Superior Ct. of Riverside Cnty.*, 93 Cal. App. 5th 13, 43-44 (2023), *review denied* (Sept. 13, 2023) (upholding validity of geofence warrant that directed a search over "the front yard of [the victim's] house, where the shooting occurred, and the street in front of the house, for the length of two houses in each direction, where the two suspects were seen fleeing after the shooting," and noting that the search area and time "were as narrowly tailored as they could have been to capture *only* the location data and identifying information of the suspects and potential witnesses to the shooting").

NOTICE OF MOTION AND MOTION TO QUASH

1        Particularly instructive is ███████████████████████████████

2   ████████████████████████████████████████████████████████████

3   ████, in which the court addressed the validity of a geofence warrant application submitted by

4   the government pertaining to an █████ investigation. The warrant defined five search areas that

5   were narrowly "constructed to focus on the █████ sites and the streets leading to and from those

6   sites," and which carefully excluded "[r]esidences and commercial buildings along the streets." *Id.*

7   ████. The search periods, which ranged from 15 to 37 minutes, were "tailored and specific to the

8   time of the █████ incidents only." *Id.* ████. The court observed that because the crimes occurred

9   during the early hours of the morning, the streets and commercial buildings in the search areas

10  were unlikely to be populated by anyone other than the suspects or witnesses to the crime. *Id.*

11  ████. The court granted the government's warrant application, noting that "through on-site

12  investigation, open source searches, and surveillance footage, the government has satisfied

13  overbreadth considerations by ensuring that there is probable cause that location data of

14  perpetrators, co-conspirators and witnesses will be collected from Google," and that the warrant's

15  scope "would not result in the collection of a broad sweep of data from uninvolved individuals for

16  which there is no probable cause." *Id.* ████.

17       The present Warrant, which directs a search over more than 2 square miles of densely

18  populated residential and commercial areas, does not reflect the caution and restraint of the search

19  described in ██████ ████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████

22  █████████████████████████████████████████████████. And while

23  activity related to the crime(s) may have occurred within the remaining search areas, those searches

24  do not appear to be tailored in area or time to avoid "the collection of a broad sweep of data from

25  uninvolved individuals for which there is no probable cause." █████████████████

26  ████████████████████████████████████████████████████████████

27

28

NOTICE OF MOTION AND MOTION TO QUASH

1  ████████████████████████████████████████████████████████ The large

2  number of users responsive to the search—totaling more than 2,600—is further evidence of the

3  Warrant's overbreadth.

4  **II. The Warrant Grants Law Enforcement Unbridled Discretion to Demand**

5     **Identifying Information for Thousands of Users**

6  To safeguard against general searches, a warrant must "particularly describe[] the place to

7  be searched, and the persons or things to be seized." U.S. Const. amend. IV. The particularity

8  requirement ensures that the location and scope of the search are set by the reviewing magistrate

9  and not subject to the discretion of executing officers. *See Marron v. United States*, 275 U.S. 192,

10  196 (1927). Particularity is especially critical in the context of a digital search because the

11  government's ease of access to vast amounts of personal data increases the risk that it may conduct

12  wide-ranging searches into individuals' private affairs. *United States v. Otero*, 563 F.3d 1127,

13  1132 (10th Cir. 2009).

14  The Warrant exemplifies this risk. It requires Google to produce to the government the

15  private Location History contents of 2,654 Google Account holders in de-identified form. *See*

16  Search Warrant at 30. It then authorizes the government, at its discretion and with no judicial

17  oversight, to direct Google to disclose identifying information for any or all of those individuals.

18  *See id.* The Warrant contains no limiting principles or "objective guardrails by which" the

19  government can "determine which accounts [should] be subject to further scrutiny." *Chatrie*, 590

20  F. Supp. 3d at 934. As a result, the Warrant effectively authorizes the government to "sort through

21  the location information and derivative identifying information" of thousands of people in the

22  hopes that it may "identify the suspect by process of elimination." *Pharma II*, 481 F. Supp. 3d at

23  756; *see also Rhine*, 652 F. Supp. 3d at 88–89 (geofence warrant was sufficiently particular where

24  it "precluded disclosure of deanonymized device information except after separate order of the

25

26

27  ──────────────
   [10] ████████████████████████████████████████████████████

28  ████████████████████████████████ (last visited Feb. 7, 2024).

████████████
NOTICE OF MOTION AND MOTION TO QUASH

court based on a supplemental affidavit"). This "general, exploratory rummaging" is strictly proscribed by the Fourth Amendment. *Coolidge*, 403 U.S. at 467.[11]

## CONCLUSION

For the reasons set forth above, Google respectfully requests that the Warrant be quashed in its entirety.

Dated: February 7, 2024                **PERKINS COIE LLP**

By: _____
Sunita Bali, Bar No. 274108
Hayley L. Berlin, Bar No. 43566
Mikella M. Hurley, Bar No. 1049013

Attorneys for GOOGLE LLC

---

[11] The Warrant's transposition of latitude and longitude in the coordinates defining all of the search areas, *see supra* note 6, also undermines the Warrant's particularity.

NOTICE OF MOTION AND MOTION TO QUASH

## CERTIFICATE OF SERVICE

I, Morgan Thomas, declare:

I am a citizen of the United States and employed at Perkins Coie LLP in Washington, D.C. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 700 Thirteenth Street, NW, Suite 800, Washington, D.C. 20005-3960. On February 7, 2024, I served a copy of the above GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO QUASH by transmitting it via electronic service to the person(s) at the e-mail address(es) set forth below:

Kyle F. Waldinger
Assistant United States Attorney
450 Golden Gate Ave., Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6830
Email: Kyle.Waldinger@usdoj.gov

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on February 7, 2024.

*Morgan Thomas*

Morgan Thomas

NOTICE OF MOTION AND MOTION TO QUASH

# **Exhibit B**

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KYLE F. WALDINGER (CABN 298752)
Assistant United States Attorney

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-6830
     Email: Kyle.Waldinger@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLICATION BY THE UNITED STATES FOR A SEARCH WARRANT FOR INFORMATION STORED AT PREMISES CONTROLLED BY GOOGLE FOR INVESTIGATION OF ███████████ ██ | No. ██████████████<br><br>UNITED STATES' RESPONSE TO MOTION TO QUASH<br><br>**FILED UNDER SEAL** |

     The United States of America, by and through Assistant United States Attorney Kyle F. Waldinger, respectfully submits under seal this Response to the Motion to Quash filed in this matter on or about February 7, 2024.

     The United States is in receipt of, and has reviewed, Google LLC's ("Google") Motion to Quash the search warrant issued in this matter on ███████████ . The United States has informed Google (through its counsel) that the United States is withdrawing the search warrant and will not seek its execution by Google.

/ / /

USA'S RESP. TO MTN. TO QUASH
████████████████

1          For these reasons, the United States requests that the Court deny Google's Motion to Quash as

2     moot.  A Proposed Order is submitted herewith.

3

4     DATED:  February 15, 2024                   Respectfully submitted,

5                                                                                 ISMAIL J. RAMSEY

6                                                                                 United States Attorney

7                                                                                 /s *Kyle F. Waldinger*

8                                                                                 _____

9                                                                                 KYLE F. WALDINGER
                                                                                  Assistant United States Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

USA'S RESP. TO MTN. TO QUASH

# **<u>Exhibit C</u>**

1    ISMAIL J. RAMSEY (CABN 189820)
     United States Attorney
2
     MARTHA BOERSCH (CABN 126569)
3    Chief, Criminal Division

4    KYLE F. WALDINGER (CABN 298752)
     Assistant United States Attorney
5
          450 Golden Gate Avenue, Box 36055
6         San Francisco, California 94102-3495
          Telephone: (415) 436-6830
7         Email: Kyle.Waldinger@usdoj.gov

8    Attorneys for the United States of America

9

10                        UNITED STATES DISTRICT COURT

11                      NORTHERN DISTRICT OF CALIFORNIA

12                          SAN FRANCISCO DIVISION

13   APPLICATION BY THE UNITED STATES    )   No. ███████████████
     FOR A SEARCH WARRANT FOR             )
14   INFORMATION STORED AT PREMISES       )   ORDER
     CONTROLLED BY GOOGLE FOR             )
15   INVESTIGATION OF ████████████        )   **FILED UNDER SEAL**
     ██                                   )
16                                        )
                                          )
17                                        )
     _____ )
18

19        The Court, having considered Google LLC's ("Google") Motion to Quash and the United States'

20   Response to that Motion, and in light of the fact that the United States is withdrawing the search warrant

21   at issue and will not seek its execution, hereby DENIES Google's Motion to Quash as moot.

22

23   DATED:  February 22, 2024         _____
                                       HON. LISA J. CISNEROS
24                                     United States Magistrate Judge

25

26

27

28

     ORDER
     ████████████████████